WATTLES *v.* SLATER.

MORTGAGES—PRIORITY—NOTICE—RECORD.

> Where a second mortgagee, before taking his mortgage, was informed by the mortgagor that the mortgaged premises were subject to a prior mortgage in favor of complainant, and the second mortgagee examined the records in the office of the register of deeds and had a search made in an abstract office, but made no inquiry of complainant, who was near at hand, he was chargeable with notice of all facts he might have learned by such inquiry, though complainant's mortgage was not recorded.

Appeal from Lapeer; Smith, J. Submitted October 13, 1908. (Docket No. 48.) Decided November 30, 1908.

Bill by Oliver H. Wattles against Frank Slater, Louisa B. Slater, Grace Slater, and the Huber Manufacturing Company for the foreclosure of certain mortgages. From a decree for complainant for one of the mortgages only, he appeals. Modified and affirmed.

*Geer, Williams & Halpin*, for complainant.

*Jason E. Nichols*, for defendant company.

MCALVAY, J. The bill of complaint was filed in this cause to foreclose two certain mortgages upon certain land in Lapeer county. Defendant Huber Manufacturing Company is joined under the statute as a subsequent mortgagee. The bill was taken as confessed by the Slaters. The Huber Manufacturing Company answered, claiming priority over complainant's mortgages. The mortgage to this defendant was in fact given subsequent to the complainant's mortgages, and was to secure the price of a threshing outfit purchased from this defendant by Frank Slater and another. The written order for this

machinery recited that this land was "subject to three hundred dollars." At this time Slater told Starkweather, agent for defendant company, that the land was mortgaged to complainant. There is a dispute as to the amount of the incumbrance which was stated to be against the land. The agent went to the register of deeds office, and, not finding complainant's mortgages of record, went to an abstract office, and had search made, and received a statement that there were no mortgages of record against the land. The agent did not make inquiry of complainant or at his place of business as to his mortgage interest in this land. Complainant's bank and residence were within two blocks of the abstract office and the office of the register of deeds. Defendant company's mortgage was placed on record before complainant's mortgages. At the time of the hearing there was due on complainant's first mortgage $406.77, and on his second mortgage $120.81. And at the same time there was unpaid on the Huber Manufacturing Company mortgage $1,444.21. It was conceded that the Huber mortgage was subject to a $300 incumbrance. The court held that this mortgage was subject to complainant's first mortgage of $325 and interest, but gave it priority over the second mortgage of $100 and interest. From a decree entered in accordance with such holding, complainant has appealed, claiming that both his mortgages should be given priority over the mortgage of the Huber Manufacturing Company.

By the information which defendant company's agent admits the mortgagor gave him of an incumbrance held by complainant he was put upon his inquiry. Complainant's place of business and residence were near at hand. He was bound to make inquiry of complainant. The notice of the claim of complainant against the premises was sufficient to make it incumbent upon him to seek information from the person claiming rights in the premises. He made no effort whatever to get such information. He is therefore chargeable with all the facts he might have learned by such inquiry. *Hains* v. *Hains*, 69 Mich. 581;

*Jackson, etc., R. Co.* v. *Davison,* 65 Mich. 416; *St. Helen Shooting Club* v. *Barber,* 150 Mich. 571.

The decree of the circuit court, in so far as it gives priority to the Huber Manufacturing Company mortgage over complainant's mortgage, is reversed; otherwise it is affirmed, except as to costs, and a decree will be entered in this court accordingly, with costs of both courts to complainant.

GRANT, C. J., and BLAIR and MOORE, JJ., concurred. HOOKER, J., concurred in the result.